UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



SCOTT MACLEAY,

        Plaintiff,

        -v-

COMMISSIONER OF SOCIAL SECURITY, et al.,

        Defendants.

DECISION AND ORDER
08-CV-0766S

Plaintiff has moved to have counsel appointed to represent him in this civil matter challenging the Social Security Administration's determination to deny him benefits (Docket No. 7 and 12). For the reasons stated below, the motions are denied without prejudice to renewal.

The factors to be considered in ruling on a motion for the appointment of counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172. Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff seeks counsel, in part, because he is a prisoner and claims he is unable locate or pay for an attorney. At this time, this is an inadequate showing that the appointment of counsel is warranted in this matter. The fact that plaintiff is a prisoner and cannot afford to retain counsel is not alone sufficient to appoint counsel. Prisoners routinely and in great number numbers litigate cases *pro se* in this Court and courts throughout this country. Additionally, if successful in this matter, counsel would be entitled to apply for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d)(1)(A), if the Administration's position was not "substantially justified or that special circumstances make an award unust." Plaintiff has, at least to this point, demonstrated an ability to gather facts, prepare a complaint and motions to appoint counsel, albeit with the use of Court Forms, and has not demonstrated that he has made a sufficient effort to obtain counsel on his own, other than noting that he contacted one local attorney and that he does not know of any attorneys willing to represent him in this matter. Moreover, upon filing a response to the complaint, counsel for defendants will file the records and transcripts in the underlying administrative proceeding before the Social Security Administration and the Court will thus have the ability to review said records and transcripts when deciding this matter. Accordingly, plaintiff's applications for the appointment of counsel (Docket No. 7 and 12) are denied without prejudice at this time.

Further, in order to assist plaintiff in pursuing his case *pro se*, the Clerk of the Court is directed to send plaintiff a copy of the Court's booklet entitled Pro Se Litigation Guidelines.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 22, 2009
Rochester, New York