UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCOTT MacLEAY,

                Plaintiff,

    v.                                              **DECISION AND ORDER**
                                                       08-CV-766S
COMMISSIONER OF SOCIAL SECURITY

                Defendant.

1. Plaintiff Scott MacLeay commenced this action on October 15, 208, by filing a Complaint in this Court challenging the Social Security Administration's determination to deny him benefits. (Docket No. 1.)[1] Thereafter, on October 13, 2009, Defendant moved for judgment on the pleadings. (Docket No. 24.) This Court directed Plaintiff to submit a response to Defendant's motion by December 1, 2009. (Docket No. 25.) Plaintiff, however, did not submit a response by December 1, 2009, or to date.

2. On December 3, 2009, Plaintiff filed a Motion to Appoint Counsel. (Docket No. 27.)[2] In the motion, Plaintiff also asks for an extension of time to submit a response to Defendant's motion for judgment on the pleadings. (Docket No. 27, ¶ 6.)

3. The threshold inquiry for the Court when a plaintiff seeks the appointment of counsel is whether or not the plaintiff's claim "seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). In other words, the plaintiff must show that his claim demonstrates a "likelihood of merit." Cooper v. A. Sargenti Co., Inc., 877 F.2d

---

[1] Plaintiff is presently incarcerated at Fishkill Correctional Facility.

[2] Plaintiff moved for the appointment of counsel on two prior occasions. (Docket Nos 7 and 12.) Both motions were denied without prejudice. (Docket No. 13.)

1

170, 174 (2d Cir. 1989). If Plaintiff meets this initial requirement, the Court should then consider several factors including, but not limited to, "the indigent's ability to investigate the crucial facts [and] the indigent's ability to present the case." Hodge, 802 F.2d at 61-62. Additionally, the Court should also consider whether the plaintiff has access to attorneys. See Cooper, 877 F.2d at 173-74 ("[T]he most important disability of the poor claimant may be not so much his lack of funds but his lack of practical access to attorneys. If the indigent plaintiff is a prison inmate or a homeless vagrant, he may have no effective means of bringing his claim to the attention of the lawyer marketplace to have its merits appraised.")

4. Applying these factors to the instant case, this Court finds that the appointment of counsel is unwarranted at this time. First, Plaintiff's claim does not appear to be meritorious as his application for Supplemental Security Income ("SSI") was denied by an Administrative Law Judge (ALJ) and affirmed by the Appeals Council. Second, Plaintiff has demonstrated an ability to litigate this matter. For instance, Plaintiff appeared *pro se* before the ALJ and presented evidence in support of his claim. Additionally, Plaintiff has prepared a complaint, filed three motions for the appointment of counsel, and moved for an extension of time. Lastly, although Plaintiff is presently incarcerated, he has demonstrated an ability to bring his claim to the attention of attorneys. (Docket No. 27, ¶ 4) ("I have contacted several attorneys and asked for assistance in litigating this matter – without success.") Thus, upon application of the relevant factors, Plaintiff's motion for the appointment of counsel is denied.

5. Notwithstanding the above, Plaintiff's Motion for an Extension of Time to file a Response to Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion to Appoint Counsel (Docket No. 27) is DENIED without prejudice.

FURTHER, that Plaintiff's Motion for an Extension of Time to file a response to Defendant's Motion for Judgment on the Pleadings (Docket No. 27) is GRANTED.

FURTHER, that Plaintiff must submit his response by on or before March 1, 2010. Defendant's reply, if at all, is due by March 15, 2010.

FURTHER, that Plaintiff is warned that his failure to submit a response by on or before March 1, 2010 may result in Defendant's Motion for Judgment on the Pleadings being granted as unopposed.

SO ORDERED.


Dated: January 12, 2010
      Buffalo, New York

                                         /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                              Chief Judge
                                    United States District Court