```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

Scott F. MacLeay,

        Plaintiff,                  08-CV-0766

    v.                           **DECISION and ORDER**

Commissioner of Social Security

        Defendant.
___

## Introduction

Plaintiff Scott F. MacLeay ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for Supplemental Security Income benefits("SSI"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge Marilyn D. Zahn ("ALJ") was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that the ALJ's decision was supported by substantial evidence. For the reasons set forth herein, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law, and therefore, I grant the Commissioner's motion for judgment on the pleadings.

1

**Background**

On August 5, 2003, Plaintiff protectively filed an application for SSI claiming that he became disabled on June 1, 1996. (91-93). Plaintiff claims he suffers from depression, a seizure disorder, breathing problems, a right knee impairment, and right ear deafness. (Tr. 26). Plaintiff's application was denied by the Social Security Administration initially on April 12, 2004. (Tr. 22).

Thereafter, Plaintiff appeared, pro se, at an administrative hearing before ALJ Marilyn D. Zahn on July 18, 2007. (Tr. 21). The ALJ issued a decision on August, 27, 2007, finding Plaintiff not disabled within the meaning of the Act. (Tr. 18-31). The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on June 30, 2008. (Tr. 8-11). On September 19, 2008, The Appeals Council extended Plaintiff's time to file a civil action. (Tr. 7). On October 15, 2008, Plaintiff timely filed this action. (Plaintiff's Complaint).

**Discussion**

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).

**II. The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record**

The ALJ in her decision found that the Plaintiff was not disabled within the meaning of the Act during the relevant period from August 3, 2003, the protective filing date, to the date of his

3

incarceration on June 29, 2005. (Tr. 22). In doing so, the ALJ followed the Social Security Administration's five-step sequential analysis. See 20 C.F.R. § 404.1520.[1]

Under step one of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 5, 2003. (Tr. 23). At steps two and three, the ALJ concluded that Plaintiff's impairments, including asthma/obstructive lung disorder, depression, right ear deafness, alcohol dependence and seizure disorder, were severe within the meaning of the Social Security Regulations, but not severe enough to meet or equal singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (Tr. 24).

Further, at steps four and five, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform low-stress, light work, which is defined by the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently.

---

[1] Five step analysis includes: (1) the ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, the ALJ considers whether claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, the third inquiry is whether, based solely on medical evidence, claimant has an impairment which is listed in regulations Appendix 1, and if so claimant will be considered disabled without considering vocational factors (4) if claimant does not have a listed impairment, the fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, the ALJ determines whether claimant could perform other work. See id.

4

(Tr. 24). See 20 C.F.R. §416.967(b). The ALJ found that while Plaintiff was incapable of performing his past relevant work as a construction worker, he was not precluded from performing other light work. (Tr. 30). However, Plaintiff had additional limitations which eroded his ability to perform the full range of activities at the light work level, including limits on his exposure to high concentrations of fumes, gases and odors, operating heavy moving machinery, and working at unprotected heights. (Tr. 24, 29). Therefore, in the fifth step, the ALJ considered Plaintiff's age, education, work experience, RFC, and a vocational expert's testimony regarding Plaintiff's additional limitations, and determined that Plaintiff was able to perform a significant number of jobs in the economy, such as bench assembler or product inspector. (Tr. 31).

Based on the entire record, including medical evidence, the ALJ properly found that Plaintiff could perform light work with some limitations. Therefore, I find that there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not disabled within the meaning of the Social Security Act.

**A. The ALJ's decision is supported by the medical evidence in the record**

Plaintiff testified that from 2003 to 2005 he had two to three seizures a month, including grand mal seizures in which he would urinate or defecate on himself. (Tr. 26). He stated that he had been prescribed seizure medication, but did not take it regularly because

5

he could not afford it. Id. Plaintiff alleged that he had emphysema, a 14 centimeter "ball" on his lung, and shortness of breath, which limited him to walking 3 city blocks. Id. He testified that he had a right knee injury from an accident in 1985 that restricted him from standing or kneeling for extended periods of time. Id. Plaintiff reported that he had mild ear infections in 2003 and 2005, and lost hearing in his right ear in November 2006. Id. He alleged that he had depression, could not afford Prozac, and attempted suicide in 2003. Id. Plaintiff admitted to drinking alcohol when he was depressed. Id.

Considering Plaintiff's testimony and medical records, the ALJ determined that Plaintiff had asthma/obstructive lung disorder, depression, right ear deafness, alcohol dependence and seizure disorder. (Tr. 23). These impairments failed to establish a disability under the Act. See 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. The ALJ, then, assessed the objective medical evidence and Plaintiff's subjective complaints to determine his RFC. (Tr. 24-30).

## 1. Medical evidence in the record does not indicate a complete inability to work

The ALJ determined that Plaintiff's allegations of frequent seizures were not confirmed in the medical record. In November 2002, Plaintiff reported that his last seizure was in May 2002 while an April 2003 treatment note indicated that his last seizure had occurred six weeks earlier. (Tr. 29). Doctors indicated that his seizure disorder was "controlled," even in the absence of medication. (Tr. 212). The ALJ restricted Plaintiff from working at unprotected

6

heights or with heavy moving machine as a precautionary measure. (Tr. 29).

Plaintiff's pulmonary function tests revealed a moderate to severe obstructive lung dysfunction. (Tr. 266). A chest x-ray during the relevant period indicated that Plaintiff had no active disease and moderately severe bullous cystic disease. (Tr. 28). An examining physician indicated that Plaintiff was "symptomatically worse than he could be because he is not properly treated." (Tr. 266). The doctor opined that Plaintiff would have significant improvement in his symptoms if he took the proper medication. Id. She noted that Plaintiff, who smoked half a pack of cigarettes a day during the relevant period, needed to quit in order to stabilize his breathing. Id. Even in the absence of treatment and his continuing to smoke, Plaintiff was found to have light exercise capacity (Tr. 29). The ALJ included limitations on Plaintiff's exposure to high concentrations of fumes, gases, and odors to accommodate Plaintiff's asthma and obstructive lung disorder. Id.

During the relevant period, Plaintiff's hearing in the right ear was aided by a hearing aid, and hearing in his left ear was essentially normal (Tr. 320, 343). While there is evidence that Plaintiff's hearing impairment became worse while in prison, the ALJ properly refused to consider the status of his disability beyond the relevant period. (Tr. 30).

The record fails to establish that Plaintiff had any right knee impairments. (Tr. 30).

## 2. The ALJ correctly assessed that Plaintiff's mental impairments were not severe enough to establish disability

The ALJ found that Plaintiff failed to prove that his depression was severe enough to establish a complete inability to work. To establish that depression is disabling, a Plaintiff must demonstrate that he had at least two of the following in addition to his depressive symptoms: (1) marked restrictions of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.04B.

Plaintiff's daily living and social functioning were not markedly restricted during the relevant period. Plaintiff took care of his personal needs after someone reminded him, watched television, prepared meals, performed yard work and occasional chores, did laundry and shopped for groceries. (Tr. 129-30, 133-35, 133-35, 600, 603). Plaintiff testified that he took public transportation and rode a motorcycle a few times a month (Tr. 594, 604). He performed chores for his landlord to offset the cost of rent, including washing cars and cleaning apartments. (Tr. 598-99). Plaintiff socialized with friends and relatives that visited him, and traveled. (Tr. 604).

Further, the evidence does not demonstrate that Plaintiff's concentration, persistence, or pace were markedly limited. See

8

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.04 (B)(3). Plaintiff reported that he had no difficulty following spoken and written instructions. (Tr. 137). A state agency reviewing physician opined that Plaintiff was only moderately limited in maintaining concentration, persistence, or pace. (Tr 285-86). He stated that Plaintiff retained the ability to remember locations; understand, remember, and carry out short and simple instructions; sustain an ordinary routine without special supervision; and complete a normal work-day and workweek without psychologically based symptoms. Id. Plaintiff, himself, stated that he had no difficulty following spoken or written instructions. (Tr. 137).

The reviewing physician also indicated that Plaintiff had not experienced any episodes of decompensation unrelated to his substance abuse. (Tr. 24). Accordingly, I find that the evidence in the record supports the ALJ's finding that Plaintiff's depression is not disabling.

### 3. The ALJ correctly discounted Plaintiff's subjective complaints

The ALJ discounted some of the Plaintiff's subjective complaints of pain and disability on the basis that the medical evidence did not support Plaintiff's allegations of a complete inability to work.

An ALJ's credibility assessment "must be based on a two step analysis of pertinent evidence in the record." Borush v. Astrue, 2008 W.L. 4186510 *12 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1529, 416.929). First, the ALJ must determine, based upon the claimant's

objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms" that are alleged by the claimant. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities.

At the first step, the ALJ found that Plaintiff's complaints of right knee problems were not supported by the record. (Tr. 30). Plaintiff's medical records contained a diagnosis of asthma and obstructive lung disorder, which could reasonably be expected to produce breathing problems, but did not support Plaintiff's complaint of emphysema.(Tr. 27). Plaintiff's claim that his right ear deafness prevented him from working was not supported by evidence in the record that his ear impairment improved with a hearing aide. (Tr. 29).

At the second step, the ALJ noted that Plaintiff's impairments did not prevent him from carrying out his previously stated daily activities. (Tr. 29-30). Medical records did not support Plaintiff's allegation of frequent and persistent seizures. (Tr. 29).

The ALJ determined that Plaintiff's subjective complaints were not entirely credible. (Tr. 29-30). If objective medical evidence does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record. See 20 C.F.R. § 404.1529(c), SSR 96-7p.

The ALJ may consider claimant's subjective complaints in light of: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)

The ALJ found that Plaintiff's ability to perform the previously stated activities of daily living was inconsistent with his allegations that he could not perform light work. (Tr. 29-30). The ALJ also noted that Plaintiff failed to take measures toward alleviating some of his symptoms. He did not take prescribed seizure medication, refused anti-depressants, and did not undergo proper breathing treatments. (Tr. 26-28).

"The court must uphold the ALJ's decision to discount a claimant's subjective complaints" when the ALJ's decision is supported by substantial evidence in the record. See Aponte v. Sec'y of Dept. of Health & Human Servs., 728 F.2d 588, 591 (2d Cir.1984). Here, I find that there was substantial evidence in the record to support the ALJ's decision to discount the severity of Plaintiff's subjective complaints.

11

In light of the objective medical and non-medical evidence, and Plaintiff's subjective complaints, I find that the ALJ correctly concluded that Plaintiff was not disabled within the meaning of the Act at any time during the relevant period.

**B. Plaintiff's alcoholism is a contributing factor material to the determination of his disability**

Medical records show that Plaintiff had a history of alcohol dependence. (Tr. 27). Plaintiff began drinking at age 12 and has a long history of alcohol abuse, including many hospital visits while intoxicated or exhibiting withdrawal symptoms. (Tr. 188). At the time of his hearing, Plaintiff was serving a three to nine-year prison sentence for driving while intoxicated. (Tr. 28, 345). In February 2004, a psychiatric consultative examiner opined that Plaintiff needed to be placed in an alcohol day treatment program. (Tr. 27). In light of this evidence, the ALJ determined that Plaintiff's alcoholism was a contributing factor material to the determination of his disability. (Tr. 29). In making this finding, the ALJ properly found that Plaintiff was not disabled within the meaning of the Act. See 20 C.F.R. § 416.935(b)(2).

In analyzing a case involving drug or alcohol addiction, the ALJ must first determine whether the claimant is disabled. See 20 C.F.R. § 416.935(a). The ALJ must reach this determination initially using the standard five-step approach described in 20 C.F. R. § 920 without

12

segregating out any effects that might be due to substance abuse disorders. If the inquiry suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the alcohol addiction are absent. If, in following the five-step sequential analysis, the claimant would still not be disabled considering the remaining limitations, then alcohol or drug addiction is a contributing factor material to the determination of disability and the individual is not considered disabled for the purposes of the Act. See 20 C.F.R. § 416.935(b)(2).

In addition, if the record shows substance abuse, "it is the claimant's burden [to] prove that substance abuse is not a contributing factor material to the disability determination." Badgley v. Astrue, 2009 WL 899432, at *4 (W.D.N.Y. March 27, 2009).

There is no evidence to support that Plaintiff had any significant depressive symptoms in the absence of alcohol abuse. (Tr. 29). An examining physician found that Plaintiff's inability to deal appropriately with stress in a competitive work place was attributable to his alcoholism. (Tr. 261). A reviewing physician found that Plaintiff's substance addiction disorder was his main mental impairment. (Tr. 29).

Upon intake at the correctional facility in July of 2005 when Plaintiff was no longer drinking, he was screened for mental health problems and found not to have any depressive symptoms or to be in need

13

of services. Id. When Plaintiff was sober, treatment notes from physicians at the facility showed that he had well-organized and goal-directed thoughts, good attention and concentration, with fair insight and adequate judgment, and no gross perceptual disorder (Tr. 370, 372, 375-77, 398). During this period of sobriety in November of 2005, Plaintiff had a Global Assessment of Function score of 65, indicating he had mild symptoms of depression, but was generally functioning pretty well. (Tr. 394). See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed, 2000). Accordingly, there is substantial evidence in the record that supports the ALJ's determination that Plaintiff's substance abuse was a key factor contributing to his disability.

Therefore, I find that Plaintiff failed to satisfy his burden of establishing that alcohol abuse is not a contributing factor material to his disability determination, and that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      s/Michael A. Telesca
                                        MICHAEL A. TELESCA
                             United States District Judge

DATED: June 18, 2010
      Rochester, New York